## John H. Chadwick et al. v. People of the State of Illinois, for Use, etc.

1. OFFICERS—*Duty of State's Attorney to Pay County Superintendent of Schools, Balance Over His Fees and Commissions.*—It is the duty of the state's attorney to pay to the county superintendent of schools any balance in his hands, over his fees and commissions, on the first day of March in each year, and it is immaterial whether the County Court has approved the report and ordered the balance paid to the county superintendent or not.

**Debt.** on an official bond. Appeal from the Circuit Court of Douglas County; the Hon. WILLIAM G. COCHRAN, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

JOHN H. CHADWICK, attorney for appellants.

CHARLES G. ECKHART, attorney for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was an action on the official bond of the state's attorney of Douglas county to recover $219.06, due upon his report to the County Court March 1, 1900, and the amount not having been paid to the superintendent of schools, was held by the former officer until December 3, 1900, the expiration of his term of office, at which time the state's attorney had earned $160.03 since his last report, which he claimed the right to deduct from the amount due upon his report March 1, 1900, and this formed the question for decision in the trial court, which, on waiver of a jury, found against appellants and gave its judgment for $219.06, disallowing the credit of subsequent earnings, from which judgment this appeal is prosecuted.

Complaint is made of the propositions of law held and refused by the court, as to the law in the decision of the case, but we find no prejudicial error in those respects, when they are all considered with reference to the point in issue, some of them doubtless being inaccurate or inap-

plicable. In truth we think no other conclusion from the facts, than the one reached by the trial court, would have been proper, and where this is true, errors of the court in holding or refusing propositions of law will be harmless.

The statute, we think, makes it the duty of the state's attorney to pay to the county superintendent of schools any balance in his hands, over his fees and commissions, on the first day of March in each year. The constitution and statutes of the state create the offices and the emoluments incident to them, and directs the application of the latter. It is not important, if such is the fact, whether the County Court approved the report and ordered the balance paid to the county superintendent or not, for the law regards that as done which ought to be done, and unless there was dispute as to the correctness of the report for the court to settle, and there was none, the law itself operated to declare the money due and payable to the superintendent; and it could not be otherwise appropriated without a violation of the plain provisions of the statute.

The judgment of the Circuit Court is right and it will be affirmed.